# Exhibit 10

DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Debt Collection Center

# CERTIFICATE OF INDEBTEDNESS
*NATIONAL HEALTH SERVICE CORPS SCHOLARSHIP PROGRAM*

**Deborah J. Stojak**
[redacted]
**Traverse City, MI 49685**
**REF: HHCA 7-80970004**
**SSN: XXX-XX**[redacted]

**Total debt due to the United States as of August 31, 2026: $31,377.37 (principal $28,911.54, interest $2,465.83).**

I certify that the Department of Health and Human Services' records show the debtor named above is indebted to the United States in the amount stated. Interest accrues on the principal amount of this debt at the interest rate of 1.00% per annum. Interest accrues at $0.79 per day.

On June 11, 1991, as a medical student at the University of Health Sciences in Ses Moines, Iowa, Mrs. Stojak applied for a scholarship award through the National Health Service Corps (NHSC) Scholarship Program (SP) (42 U.S.C. 254l, m-q), U.S. Public Health Service (PHS), the Department of Health and Human Services (HHS).

On October 8, 1991 and July 6, 1992, she was approved to receive a scholarship award for the 1991-1992 and 1992-1993 school years. The funds received totaled $56,260.00 representing tuition, fees, stipends, and other reasonable educational costs.

These awards were made upon the condition that she serve in the full time clinical practice of her profession as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, or as a civilian member of the NHSC, in a health professional shortage area (designated under 42 U.S.C. 254e and 42 C.F.R. Part 5) assigned by the HHS. She was to serve one (1) year of obligated service for each year of scholarship support, with a minimum obligation of two (2) years.

By letter dated April 25, 1995, she was notified that on February 16, 1995, the NHSC Program had been informed by Ms. Michele Waterman, Secretary of the Registrar's Office, University of Osteopathic Medicine and Health Sciences that she had been dismissed from the osteopathic program in April 1994. Therefore, she was in breach of her scholarship contracts for failure to comply with the terms and conditions of the awards.

> *"Participants who are dismissed from school for academic or disciplinary reason, or who voluntarily terminate academic training before graduation from the educational program for which the scholarship was awarded, will be declared in default and held liable to the United States for repayment of all NHSC Scholarship Program funds paid to them and to the school on their behalf. The amount owed must be paid in full within 3 years from the date of default. No interest will be charged on any part of this debt to the United States within the 3-year period. If payment in full is not made within the 3-year period, interest will be assessed."*

By letter dated May 16, 1995, Mrs. Stojak responded to correspondence dated April 25, 1995, concerning her eligibility for continued NHSC scholarship support. In her response, she explained that she had declined scholarship funding for the 1993–1994 academic year because she had taken a leave of absence from her studies at the University of Osteopathic Medicine and Health Sciences (UOMHS) in Des Moines, Iowa. Mrs. Stojak

**PAGE 2 - CERTIFICATE OF INDEBTEDNESS – DEBORAH J STOJAK**

further advised that she intended to apply to several medical schools for the 1996–1997 academic year and expressed her desire to have her NHSC scholarship support reinstated.

By letter dated May 17, 1996, she was advised that the records of the National Health Service Corps (NHSC) Scholarship Program indicated that her 1996–1997 Deferment Request Form had not been received. The letter further informed her that, if the completed form was not received by June 7, 1996, she would be considered in violation of the terms and conditions of her deferment and could be subject to the default damages prescribed by federal law.

On December 17, 1996, she was notified that she had been placed in default of the conditions of her NHSC scholarship award. She was advised the debt must be paid within three years of the date of default or interest would begin to accrue. She was advised that failure to make repayment arrangements by the due date would result collection actions including the debt being referred to the U.S. Department of Justice (DOJ) for enforced collection.

In a letter dated August 4, 1997, she was advised that her account had been referred to a private collection agency. She was notified that unless payment in full or a Repayment Agreement (RA) was concluded, the account would be referred to DOJ for enforced collection.

By letter dated December 19, 1997, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

On August 10, 1999, Mrs. Stojak was sent a repayment agreement (RA) with minimum monthly payments of $75.00. Mrs. Stojak signed the RA on October 8, 1999, and HHS approved the RA on October 17, 1999. The RA also stated that failure to make the required monthly payments would result in the breach of the agreement. The first payment was received on October 19, 1999, and the final payment under this agreement was received on January 21, 2004, after which no further payments were made.

In a letter dated June 24, 2015, Mrs. Stojak requested a waiver based on [redacted]

By letter dated February 22, 2018, and in response to her request for discharge of her NHSC debt based on medical hardship, she was advised of the conditions required for a waiver of her obligation. After reviewing her current financial circumstances, as well as her anticipated future financial resources and obligations, it was determined that repayment of the full amount of her remaining NHSC Scholarship Program indebtedness would result in significant financial hardship.

Accordingly, all accrued interest on her account was waived, and the outstanding principal balance was reduced by half. In addition, the interest rate applicable to the remaining balance was reduced from thirteen percent (13%) to one percent (1%).

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS – DEBORAH J STOJAK

In a letter dated March 12, 2018, she was notified that she had been granted a partial waiver which waived all the interest that had accrued at the original rate of 13%, reduced to 1%. In addition, half of the principal balance had been waived.

Additional notifications and demand letters regarding the indebtedness were sent on the following dates: November 20, 1998, April 27, 2010, November 29, 2010, February 11, 2011, January 25, 2012, May 27, 2014, June 23, 2014, July 30, 2014, December 29, 2014, February 25, 2015, March 10, 2025, March 14, 2025, and March 30, 2026.

In a letter dated May 19, 2026, Mrs. Stojak was informed that a recent audit revealed an incorrect principal and interest amount applied. The interest and principal were corrected to $2,368.40 and $28,911.54 respectively and as of April 30, 2026, her total monetary obligation to the Department of Health and Human Services was $31,279.94, consisting of $28,911.54 in principal and $2,368.40 in interest.

By letter dated June 4, 2026, Mrs. Stojak was sent a final notice regarding the delinquent debt. She was advised that if payment was not received within sixty (60) days, the debt would be referred to DOJ for litigation. She did not respond.

The following provides a breakdown of payments made on the debt:

| | | |
|---|---|---|
| Voluntary Payments | 10/19/99 to 10/21/14 | $29,670.00 |
| Treasury Offset Payments | 04/07/99 to 05/08/13 | $5,466.35 |
| Total | | $35,136.35 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ) for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

Melodie Sanders -S
Digitally signed by Melodie Sanders -S
Date: 2026.09.16 06:45:21 -04'00'

Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services